E-FILED
Wednesday, 24 April, 2019 08:43:55 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, By and Through Its Board of Trustees,<br><br>      Plaintiff,<br><br>v.<br><br>MITCH'S GREENTHUMB LANDSCAPING CORP.,<br><br>      Defendant. | Cause No.  19-3105 |

## COMPLAINT

COMES NOW Plaintiff, RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, by undersigned Counsel, and states as follows for its Complaint against Defendant, MITCH'S GREENTHUMB LANDSCAPING CORP.:

### Parties

1.      Plaintiff RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND (hereinafter "Plaintiff," or "Welfare Fund") is an "employee welfare benefit plan" within the meaning of section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1).

2.      Welfare Fund is administered by a Board of Trustees who are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A).  Welfare Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

3.      Welfare Fund is administered in Springfield, Sangamon County, Illinois.

3:19-cv-03105-SEM-TSH   # 1   Page 2 of 6


4.      Defendant MITCH'S GREENTHUMB LANDSCAPING CORP. ("Defendant," or "Mitch's Green Thumb") is an Illinois general business corporation.

5.      Mitch's Green Thumb's principal office and agent for service of process are located in Spring Grove, McHenry County, Illinois.

6.      Mitch's Green Thumb is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

## Jurisdiction and Venue

7.      This Court has jurisdiction over Welfare Fund's claims by virtue of §§ 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

8.      This Court has personal jurisdiction over Mitch's Green Thumb pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e).

9.      Venue is proper pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## Facts Common To All Counts

10.     Mitch's Green Thumb is, and at all relevant times has been, signatory to a Memorandum of Agreement with Local 150, International Union of Operating Engineers, AFL-CIO ("Union"). *See*, **Exhibit A**.

11.     Pursuant to **Exhibit A**, Defendant "recognized Union "as the sole and exclusive bargaining representative for and on behalf of the employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION." *See*, **Exhibit A**, ¶ 1 (emphasis added).

12.     Pursuant to **Exhibit A**, Defendant and Union "adopt[ed] the Master Agreement…

entered into by and between the UNION and the ILLINOIS LANDSCAPE CONTRACTOR'S

BARGAINING ASSOCIATION…" *See*, **Exhibit A**, ¶ 3.

13.     Pursuant to **Exhibit A**, Defendant and Union agreed to be

> bound by the terms and conditions of that Master Agreement and the
> Agreement and Declaration of Trust of the Midwest Operating
> Engineers Pension Plan, Midwest Operating Engineers Welfare
> Plan, Local 150 I.U.O.E. Vacation Savings Plan and the Local 150
> Apprenticeship Fund, and all amendments heretofore or hereafter
> made thereto, as though the same were fully incorporated herein.

*See*, **Exhibit A**, ¶ 3.

14.     By its terms, the Memorandum of Agreement, **Exhibit A**, "remains[s] in effect to

and including the expiration date of the Master Agreement…" *See*, **Exhibit A**, ¶ 4.

15.     By its terms, the Master Agreement

> …shall continue in effect from year to year thereafter and
> specifically adopt any Master Agreement entered into between the
> Union and IL. LANDSCAPE CONTRACTORS' BARGAINING
> ASSN. subsequent to the expiration date of the Master Agreement
> herein adopted unless notice of termination or amendment is given
> in the manner provided herein.

*See*, **Exhibit A**, ¶ 4.

16.     The Master Agreement has not been terminated and remains in effect.   The

applicable Master Agreements are attached hereto as **Exhibit B** and **Exhibit C**.

17.     Mitch's Green Thumb employs, employed and at all relevant times has employed,

individuals who are members of the bargaining unit represented by Union.

18.     Mitch's Green Thumb employs, employed and at all relevant times has employed,

individuals who are participants in Welfare Fund.

19.    As a consequence of employing the foregoing individuals, Mitch's Green Thumb is required to pay fringe benefit contributions to Welfare Fund in an agreed amount per employee per month.

20.    Mitch's Green Thumb is required to submit Contribution Remittance Forms each month, identifying the individuals employed and indicating the appropriate fringe benefit contribution amount.

21.    In the event Mitch's Green Thumb fails to timely report and pay contributions, the Trust Agreement and policies adopted by Welfare Fund's Board of Trustees, and the Master Agreement, provide Mitch's Green Thumb shall be liable for late charges, Liquidated Damages and interest.

22.    In the event Mitch's Green Thumb fails to timely report and pay contributions, ERISA, the Trust Agreement and policies adopted by Welfare Fund's Board of Trustees and/or the Master Agreement provide Mitch's Green Thumb shall be liable for all costs and expenses of collection incurred by Welfare Fund, including attorneys' fees, filing fees and costs of service.

## COUNT I

### (DELINQUENT FRINGE BENEFIT CONTRIBUTIONS)

COMES NOW Plaintiff, RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, and states as follows for Count I of its Complaint against Defendant, MITCH'S GREENTHUMB LANDSCAPING CORP.:

23.    Welfare Fund restates and reincorporates paragraphs 1 through 22 of its Complaint as if fully set forth herein.

24.     Contribution Remittance Forms and payments of corresponding contributions are due by the 15th of the month following the month being reported.

25.     Mitch's Green Thumb has reported and paid contributions to Welfare Fund in the past.

26.     Mitch's Green Thumb has not, however, submitted all Contribution Remittance Forms, or payment of contributions, since May 2015.

27.     As a result of Mitch's Green Thumb's failure to report, Welfare Fund does not know and cannot know what amount of contributions is due and cannot properly credit participants.

28.     As a result of Mitch's Green Thumb's failure to report and pay required contributions, Mitch's Green Thumb's employees eventually stand to lose healthcare coverage, unless Mitch's Green Thumb is ordered to report and pay all outstanding contributions.

29.     Welfare Fund lacks an adequate remedy at law and are suffering, and will continue to suffer, immediate, severe and irreparable harm, unless Defendant is ordered to comply with its contractual obligations and to submit outstanding remittance reports and required payments.

30.     In addition to contributions due, Welfare Fund is entitled to late charges, Liquidated Damages and interest.

31.     Welfare Fund is entitled to an award of its attorneys' fees and costs.

32.     As a result of Mitch's Green Thumb's actions, Welfare Fund has been harmed.

WHEREFORE, Plaintiff Railroad Maintenance and Industrial Health and Welfare Fund respectfully prays that the Court:

(a)     Enter Judgment for Welfare Fund and against Defendant, Mitch's Greenthumb Landscaping Corp.;

(b)     Enter Orders for temporary, preliminary and permanent injunctive relief that Mitch's Green Thumb submit all outstanding Contribution Remittance Forms;

(c)     Enter an Order awarding Welfare Fund any outstanding contributions determined to be due;

(d)     Enter an Order awarding Welfare Fund late charges, Liquidated Damages and interest, in an amount to be proven at trial;

(e)     Enter an Order that Mitch's Green Thumb comply with all of its obligations pursuant to the Agreement and Trust Agreement and timely report and pay contributions going forward;

(f)     Enter an Order awarding Welfare Fund its attorneys' fees and costs, in an amount to be proven at trial; and

(g)     Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP


 /s/  James R. Kimmey
JAMES R. KIMMEY, No. 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys for Plaintiff